Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC.,<br><br>  *Plaintiff*,<br><br>v.<br><br>BILLY LOS ANGELES, an entity of unknown type, HOLLY ELIZABETH JOVENALL, an individual, and DOES 1 through 10,<br><br>  *Defendants*. | Case No.: 2:18-cv-00592 SVW (JCx)<br><br>**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc., for its Complaint against defendants Billy Los Angeles ("Billy LA"), Holly Elizabeth Jovenall, and Does 1 through 10, alleges as follows:

1.    This is an action for copyright infringement brought by plaintiff, the holder of all copyrights to the photographs described below, against all defendants for uses of plaintiff's photographs without authorization or permission.

## JURISDICTION AND VENUE

2.    This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright law of the United States.

3.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

1

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

5.     This Court has personal jurisdiction over defendants because, on information and belief, they are residents of the State of California and this judicial district and/or, on information and belief, they are doing business in the State of California and in this judicial district.

6.     Venue in this judicial district is proper, either under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400(a).

## PARTIES

7.     Plaintiff BackGrid USA, Inc. is an entity organized and existing under the laws of the state of California with its principal place of business in Redondo Beach, California. Plaintiff is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from the world's top photographers.

8.     Plaintiff also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty. Plaintiff licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

9.     Defendant Billy LA is an entity of unknown type that, on information and belief, has its principal place of business in Los Angeles. Billy LA is a fashion company that manufactures and sells hand-crafted clothing under the BILLY brand.

10.     Defendant Jovenall is an individual; she is a clothing designer and creator of the fashion brand and collection known as BILLY. On information and belief, Jovenall is a resident of Los Angeles, in this judicial district, and does business here through her company Billy LA. On information and belief, Jovenall is the owner, proprietor, officer, and/or principal of defendant Billy LA and, by virtue of that position, controls the company, makes decisions on its behalf, and has the

right and ability to supervise the activity of the company, including any infringing activity of the company.

11.     Billy LA and the BILLY brand have a social-media presence on Instagram at @billylosangeles, which on information and belief is maintained by Jovenall or someone acting on her behalf.

12.     Jovenall has a social-media presence on Instagram at @hollyjovenall, which on information and belief is maintained by Jovenall or someone acting on her behalf.

13.     Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyrights, have contributed to the infringement of plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged in this Complaint. The true names of defendants DOES 1 through 10 are currently unknown to plaintiff, which therefore sues them by fictitious names and will seek leave to amend this Complaint to show their true names and capacities when that has been ascertained.

14.     Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of plaintiff's rights and damages to plaintiff proximately caused by such violation.

## BACKGROUND FACTS

15.     Plaintiff is the owner and exclusive copyright holder of photographic images (the "Photographs") as follows:

16.     Photograph 1 is an image depicting celebrity Kim Kardashian, wearing BILLY brand clothing, leaving an ice skating rink. Complete applications, fees, and

1   deposits for copyright registration of Photograph 1 have been submitted to and

2   received by the Copyright Office in compliance with the Copyright Act.

3         17.     Plaintiff never licensed Photograph 1 to defendants. Nevertheless,

4   defendants have used Photograph 1 without authorization or permission from plaintiff

5   to do so.

6         18.     Specifically, defendants copied Photograph 1 and distributed it on

7   Instragram on September 23, 2017, via the @billylosangeles account.

8         19.     Photograph 1 was originally published under license to a media

9   publication, and when published it contained copyright management information

10  ("CMI"). The copy of Photograph 1 that distributed on Instagram had been altered,

11  without authorization or approval, to remove the CMI showing plaintiff as the

12  copyright owner of the image.

13        20.     Photograph 2 is an image depicting Kardashian, wearing BILLY brand

14  clothing, headed to lunch with her siblings. Complete applications, fees, and deposits

15  for copyright registration of Photograph 2 have been submitted to and received by the

16  Copyright Office in compliance with the Copyright Act.

17        21.     Plaintiff never licensed Photograph 2 to defendants. Nevertheless,

18  defendants have used Photograph 2 without authorization or permission from plaintiff

19  to do so.

20        22.     Specifically, defendants copied Photograph 2 and distributed it on

21  Instragram on July 26, 2017, via the @billylosangeles account.

22        23.     Photograph 2 was originally published under license to a media

23  publication, and when published it contained CMI. The copy of Photograph 2 that

24  distributed on Instagram had been altered, without authorization or approval, to

25  remove the CMI showing plaintiff as the copyright owner of the image.

26        24.     Photograph 3 is an image depicting celebrity Justin Bieber, wearing

27  BILLY brand clothing, parking in a handicap parking spot. Complete applications,

28

AMENDED COMPLAINT

fees, and deposits for copyright registration of Photograph 3 have been submitted to and received by the Copyright Office in compliance with the Copyright Act.

25.    Plaintiff never licensed Photograph 3 to defendants. Nevertheless, defendants have used Photograph 3 without authorization or permission from plaintiff to do so.

26.    Specifically, defendants copied Photograph 3 and distributed it on Instragram on September 26, 2017, via the @hollyjovenall account.

27.    In addition, defendants copied Photograph 3 and distributed it on Instragram on September 27, 2017, via the @billylosangeles account.

28.    Photograph 2 was originally published under license to a media publication, and when published it contained CMI. The copy of Photograph 3 that distributed on Instagram had been altered, without authorization or approval, to remove the CMI showing plaintiff as the copyright owner of the image.

29.    Photograph 4 is an image depicting Bieber, wearing BILLY brand clothing, out on the town at night. Complete applications, fees, and deposits for copyright registration of Photograph 4 have been submitted to and received by the Copyright Office in compliance with the Copyright Act.

30.    Plaintiff never licensed Photograph 4 to defendants. Nevertheless, defendants have used Photograph 4 without authorization or permission from plaintiff to do so.

31.    Specifically, defendants copied Photograph 4 and distributed it on Instragram on September 21, 2017, via the @billylosangeles account.

32.    Photograph 4 was originally published under license to a media publication, and when published it contained CMI. The copy of Photograph 4 that distributed on Instagram had been altered, without authorization or approval, to remove the CMI showing plaintiff as the copyright owner of the image.

33.    Photograph 5 is an image depicting Kardashian, wearing BILLY brand clothing, with her children. Complete applications, fees, and deposits for copyright

AMENDED COMPLAINT

1 | registration of Photograph 5 have been submitted to and received by the Copyright
2 | Office in compliance with the Copyright Act.

3 |      34.    Plaintiff never licensed Photograph 5 to defendants. Nevertheless,
4 | defendants have used Photograph 5 without authorization or permission from plaintiff
5 | to do so.

6 |      35.    Specifically, defendants copied Photograph 5 and distributed it on
7 | Instragram on September 23, 2017, via the @billylosangeles account.

8 |      36.    Specifically, defendants copied Photograph 4 and distributed it on
9 | Instragram on September 22, 2017, via the @hollyjovenall account.

10 |      37.    Defendants published each of the Photographs without any authorization
11 | or permission from plaintiff to do so.

12 |      38.    Plaintiff notified defendants of the infringement, through her
13 | representatives, by letter dated October 6, 2017.

14 |      39.    The Photographs are highly creative, distinctive, and valuable. Because
15 | of the subjects' celebrity status, and the Photographs' quality and visual appeal,
16 | plaintiff (and the photographer it represents) stood to gain additional revenue from
17 | licensing the Photographs.

18 |      40.    But defendants' unauthorized use harms the existing and future market
19 | for the original Photographs. The Instagram posts made the Photographs immediately
20 | available to defendants' followers and others who would otherwise be interested in
21 | viewing licensed versions of the Photographs in the magazines and newspapers that
22 | are plaintiff's customers.

23 |      41.    In addition, defendants' unauthorized use is expressly commercial in
24 | nature. Defendants use their Instagram feeds for the purposes of promotion—
25 | specifically, to promote the BILLY brand and to sell BILLY brand clothing. The
26 | commentary accompanying the Instragram posts featuring Photographs expressly
27 | promoted the BILLY brand, featuring and highlighting the clothing as a way of
28 | increasing sales.

42.     On information and belief, at the time that defendants published the Photographs, they knew or should have known that it did not have authorization or permission from plaintiff to do so.

43.     Defendants did not disclose their unauthorized uses of the Photographs to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

## CLAIM ONE

### (For Copyright Infringement – Against All Defendants)

44.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

45.     The foregoing acts of defendants constitute infringement of plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

46.     Plaintiff suffered damages as a result of defendants' unauthorized use of the Photographs.

47.     Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement –
### Against All Defendants)

48.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

49.     Plaintiff is informed and believes and on that basis alleges that defendants knowingly induced, participated in, aided and abetted in, and profited

AMENDED COMPLAINT

from the unauthorized reproduction and/or subsequent distribution of the Photographs.

50.   Defendants, and each of them, are vicariously liable for the infringement alleged above because, on information and belief, they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

51.   By reason of each of the defendants' acts of contributory and vicarious infringement as alleged above, plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

52.   Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM THREE

### (For Alteration of Copyright Management Information in Violation of 17 U.S.C. 1202 – Against All Defendants)

53.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

54.   On information and belief, defendants, or someone working on their behalf, removed or altered copyright management information ("CMI") from the Photographs without authorization of plaintiff or the law and then distributed the Photograph, with the CMI removed or altered, without the authorization of plaintiff or the law.

55.     On information and belief, defendants' removal or alteration of the CMI from the Photograph was intentional, and defendants' distribution of the Photograph was with knowledge that the CMI had been removed or altered without authorization.

56.     Defendants' actions alleged above constitute a violation of 17 U.S.C. § 1202.

57.     Plaintiff has suffered damages as a result of defendants' violation of 17 U.S.C. § 1202.

58.     Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests the following:

A.     For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B.     For an order requiring defendants to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C.     As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents.

D.     Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

E.     For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages.

F.     For an award of pre-judgment interest as allowed by law;

G.     For reasonable attorney fees.

9

1    H.    For court costs, expert witness fees, and all other amounts authorized

2    under law.

3    I.    For such other and further relief as the Court deems just and proper.

4

5                              **JURY TRIAL DEMAND**

6    Plaintiff demands a trial by jury of all issues permitted by law.

7

8    Dated:  February 4, 2018          Respectfully submitted,

9                                      **PERKOWSKI LEGAL, PC**

10                                     By:    /s/ Peter Perkowski

11                                            Peter E. Perkowski

12                                            Attorneys for Plaintiff
                                              BACKGRID USA, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT